Jimmie Don ROSS, a minor, By and Through his father and natural guardian, Donnal ROSS, and Donnal Ross, Appellants,

v.

The CITY OF SHAWNEE, a municipal corporation, Appellee.

No. 59365.

Supreme Court of Oklahoma.

June 26, 1984.

Ed Able and Glen Mullins, Abel, Musser, Sokolosky & Clark, Oklahoma City, for appellants.

Paul McKinney, Shawnee, for appellee.

DOOLIN, Justice.

The questions presented for resolution involve interpretation of the Oklahoma "Political Subdivision Tort Claims Act." 51 O.S.1981, § 151 et seq. Specifically: (1) Does a city have "Notice" when two officials are informed of the "incident" but not the "claim"? (2) Must a minor comply with the 120-day notice provision? (3) Is the 120-day notice requirement constitutional as it relates to a minor?

Jimmie Ross was eight years old when he visited the Shawnee municipal swimming pool and fell from the high diving board to the concrete ledge on July 29, 1978. A formal notice of claim was filed with the Shawnee city clerk on July 25, 1980.

The Oklahoma Political Subdivision Tort Claims Act requires notice of a claim be filed with the clerk of the governing body of the political subdivision within 120 days after the loss occurs. 51 O.S.1981, § 156(B).

Jimmie Ross argues that notice requirement was met when private investigators discovered that the Shawnee City Manager learned of the diving accident on August 5, 1978, and Shawnee city attorney learned about the incident on August 17, 1978 when so informed by the investigators. This information is contained in the investigator's report to plaintiff's attorney which was filed in the case on November 5, 1982. As the trial court granted Defendant's motion for summary judgment on May 6, 1981, and Plaintiff's motion for new trial was filed May 15, 1981, the investigator's report presumably was filed in conjunction with the new trial petition which was denied November 5, 1982. Thus the investigator's report was not before the trial court when it ruled on the motion for summary judgment.

Defendant argues this Court should not consider the investigator's report because it was not a part of the record when the trial court considered the issue of notice under the Tort Claims Act.

District Court Rule 13 (12 O.S. Ch. 2 App.) states that within ten days of the filing of a motion for summary judgment, the adverse party may file an objection to which he may attach "affidavits or other materials containing facts that would be admissible into evidence" which would, presumably, raise a matter in controversy which needs to be decided by the trier of fact, thus defeating a motion for summary judgment. Prior to the granting of summary judgment, the only affidavit filed by plaintiff was one stating that Jimmie Ross was a minor child.

In reviewing the grant or denial of summary judgment, this Court will examine the pleadings and evidentiary materials to determine what facts are material to plaintiff's cause of action, and to determine whether the evidentiary materials introduced indicate whether there is a substantial controversy as to one material fact and that this fact is in the movant's favor. All inferences and conclusions to be drawn from underlying facts contained in such materials as affidavits, admissions, depositions, pleadings, exhibits and the like, must be viewed in a light most favorable to the party opposing the motion. *See Weaver v. Pryor Jeffersonian*, 569 P.2d 967 (Okl. 1977).

Regarding the attempted presentation of material facts after the motion for summary judgment has been acted upon, we said in *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489 (Okl.1974).

Parties may not present new issues, arguments and authorities on appeal which if raised when a summary judgment under 12 O.S. Ch. 2, App.Rule 13 was granted in the trial court would have presented a substantial issue of material fact."

We therefore hold that Plaintiff's attempt to introduce the investigator's re-

port in an attempt to supply the missing notice requirement is invalid as untimely filed. The trial court was correct in not considering it in the motion for new trial.

In reviewing the pleadings and other materials presented in the summary judgment hearing, we find the *only* other material to be the affidavit mentioned earlier to the effect that the Plaintiff was a minor at the time of the accident. City's answer specifically denied it was given proper notice under 51 O.S.1981, § 156(B).

We hold the trial court was correct in granting City's summary judgment and denying plaintiff's motion for new trial.

As a postscript we note this Court already has answered Plaintiff's three propositions for error as follows:

1. In *Graves v. Rose*, 663 P.2d 733 (Okl. 1983), we said, "... notice of a *claim* for relief must be distinguished from notice of a traffic collision (or other *tort* )." [emphasis added].

2. In *Johns v. Wynnewood School Board of Education*, 656 P.2d 248, 249 (Okl.1982): "It is within the power of the legislature to place infants in the same category as adults in the respect of limitations and unless excepted by statute, the limitations statutes apply to that class of persons." *Johns* specifically held that minors must comply with the 120-day notice provision of the statute.

3. In *Reirdon v. Wilburton Board of Education*, 611 P.2d 239 (Okl.1980), we found the Political Subdivision Tort Claims Act constitutional.

AFFIRMED.

BARNES, C.J., and HODGES, LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, V.C.J., concurs in result.

KAUGER, J., concurs in (2) and (3) and dissents in (1).