**Donald CHURCH, Appellant,**

v.

**HOFER, INC., Appellee.**

**No. 78092.**

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 10, 1992.

Rehearing Denied Dec. 22, 1992.

Donald Church, pro se.

Ronald A. White, Robert P. Fitz–Patrick, Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Hofer, Inc. (Hofer) was sued in several negligence and wrongful death actions filed in federal court. The federal actions were based on alleged negligence and wrongful death and were brought as a result of an accident involving a truck owned by Hofer and several other vehicles. Early American Insurance Company (Insurance Company) was the liability insurer for Hofer. Donald Church (Appellant or Church) was retained by Insurance Company to defend its insured, Hofer, in the federal legal actions. Church agreed to represent Hofer. Ultimately, he settled the federal actions favorably to Hofer before trial.

Upon settlement of the federal cases, Insurance Company went into receivership. After Insurance Company went into receivership, Church sent his final billing for legal services to Hofer along with a letter asking that consideration be given to the bill. The amount of the bill was $22,022.16. This amount was later reduced to $17,-522.16 after Church foreclosed an attorney lien for $4,500.00 on a pending settlement in one of the federal actions.

Hofer informed Church it would not pay the $17,522.16 in legal fees. Church

brought an action against Hofer for that amount. Church's petition stated he was a licensed attorney; he had performed legal services for Hofer; the worth of the services was $17,522.16; and, this sum was due and owing from Hofer.

Hofer filed an answer to the petition. In its answer, Hofer stated that Church had not provided legal services for it, but had been retained for legal services by its insurer, Insurance Company. Therefore, Hofer claimed it did not owe Church for those services. Both parties proceeded with discovery.

Hofer filed a Motion for Summary Judgment. In its Motion for Summary Judgment, Hofer contended that Church was hired by Insurance Company. This hiring was done pursuant to Insurance Company's obligation to defend Hofer under a policy issued by Insurance Company to Hofer. Hofer further stated during the federal actions, it hired its own attorney for advice, and Church knew this. Hofer also claimed that $2,242.50 of the $17,522.16 requested by Church was for litigation to which Hofer was not a party. Hofer asserted Church never expected to be paid by Hofer, but expected to be paid by Insurance Company, so any theory of recovery in quantum meruit failed. Hofer asserted simply because it was benefitted by the legal services, that did not entitle Church to recover on an unjust enrichment, quasi-contract or restitution theory. Further, that Church's express contract with Insurance Company prevented him from recovering from Hofer.

Church responded to Hofer's Motion for Summary Judgment. In his response, Church asserted: (1) he had rendered legal services for Hofer; (2) Hofer had relied on these services; (3) he had obtained favorable settlements for Hofer; (4) the Insurance Company "went broke" before Church was paid; and, (5) Hofer owed Church $17,-522.16 in legal fees under a quantum meruit theory. Church denied having an express contract with Insurance Company.

■ The court sustained Hofer's motion and entered judgment accordingly. Church asserts on appeal that the trial court erred in granting summary judgment for Hofer, and contends he is entitled to recover on a theory of quantum meruit. Church relies on the American Bar Association Informal Opinion 1476 C 1981 which states:

> When a liability insurer retains a lawyer to defend an insured, the insured is the lawyer's client.

■ This opinion relates to the allegiance a lawyer owes a client when hired by one other than the client. It does not speak to which party has the obligation to pay the attorney. It is not dispositive of this issue. In addition, American Bar Association opinions are not binding on this Court.

Church also relies on *Carter v. Wooley*, 521 P.2d 793 (Okl.1974) which states:

> Where an attorney renders beneficial services to another, who knowingly accepts the benefits thereof, a promise to pay the services' reasonable worth may be implied, unless the circumstances show that the services were intended to be gratuitous; and this rule may apply even though the other is also being served by its own attorney.

■ It is correct that a contract may be implied where services have been rendered and voluntarily accepted by another. However, the attorney must expect to be paid by the person receiving the service. Church was employed by Insurance Company to represent Hofer. The contract, whether implied or express, was between Church and Insurance Company. All parties expected Insurance Company to pay Church for his services.

Insurance Company was obligated to defend Hofer in the federal legal actions. It hired Church to do so. Though Hofer became Church's client, with all the ethical considerations that are part of the attorney-client relationship, it did not become obligated to pay for Church's services. In *Parkhill Truck Co. v. Reynolds*, 359 P.2d 1064 (Okl.1961) the Supreme Court said:

> A contract, express or implied, forms the basis of, and is generally essential to, recovery for work and labor performed. Even in the absence of an antecedent agreement, the law will raise an implied contract to pay for services rendered

when they were performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous, *not performed for some other person, but with the expectation of compensation from the recipient to whom the service is beneficial.* If one merely accepts or knowingly avails himself of the benefit of services rendered for him without his authority or request, he becomes liable therefor. It therefore follows that an obligation arises when, as in the instant cause, services beneficial to the party, are procured with his knowledge, consent and approval *and upon his express promise to pay compensation therefor.* (Citations omitted.) (Emphasis added.) *Parkhill,* at 1066, 1067.

To raise an implied contract, this expectation to be paid by the recipient of the services must have arisen when the services were performed. Church states he does expect Hofer to pay for the services. However, attached as evidentiary material to Hofer's Motion for Summary Judgment is a letter from Church to Hofer during the pendency of the federal litigation. In that letter, Church acknowledges the accumulating legal fees and states the expense is covered by Hofer's liability insurance. There is further evidentiary material that shows Insurance Company was billed by Church for fees during the pendency of the federal litigation. An expectation for payment from Hofer after Insurance Company went into receivership is not sufficient to allow Church to recover under a quantum meruit theory.

█ Where there is no substantial controversy as to the material facts, and one party is entitled to judgment as a matter of law, summary judgment is proper. *Ross v. City of Shawnee,* 683 P.2d 535 (Okl.1984). There was no material fact in controversy, and Hofer was entitled to judgment as a matter of law.

. AFFIRMED.

ADAMS, P.J., and JONES, J., concur.