1999 OK CIV APP 57

**Elsie May COLBERT,
Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA
PUBLIC EMPLOYEES RETIREMENT
SYSTEM, Defendant/Appellee.**

**No. 91,970.**

Released for Publication by Order of the Court
of Civil Appeals of Oklahoma, Division No. 3.

Court of Civil Appeals of Oklahoma,
Division No. 3.

April 23, 1999.

Darrell L. Hogue, Oklahoma City, Oklahoma, for appellant.

Lydia Lee, Oklahoma City, Oklahoma, for appellee.

## OPINION

GARRETT, Judge:

¶1 Plaintiff/Appellant, Elsie May Colbert (Colbert), sued Defendant/Appellee, State of Oklahoma, ex rel. Oklahoma Public Employees Retirement System (OPERS) to recover her deceased husband's retirement benefits. This included, but is not necessarily limited to contributions he made to OPERS as a member. The trial court entered summary judgment against her, holding that she has no cause of action against OPERS. Colbert appeals.

¶2 Colbert asserts that she and Larry Hinkle (Decedent) entered into a common law marriage [1] in 1967, and that they were "officially" married by Judge Carter on August 31, 1971. Decedent died testate on November 30, 1992. Apparently, Colbert and two children, one natural and one adopted, are his heirs at law.

¶3 Decedent was employed by Seminole County from October, 1968 until May, 1971 [2]

---

1. OPERS neither admits nor denies the common law marriage, but does contend that if it existed, it is immaterial.

2. This was during the period of the alleged common law marriage, but before the ceremonial ("official") marriage.

when he terminated that employment. As such, he was a member of OPERS and made contributions to the system. He did not have sufficient credit to vest any retirement benefits, but never elected to withdraw his accumulated contributions. As a part of enrolling in the retirement plan, Decedent designated his mother as his primary beneficiary and his sister as contingent beneficiary.[3] That designation was never changed.

¶ 4 Decedent's death occurred on November 30, 1992. His mother survived, but she died in May, 1996. The sister is living, but is not a party to this action. Apparently, in September, 1996, after the mother's death, OPERS notified, by telephone, a surviving brother of the contributions being held by them. Four days later, Colbert requested the "retirement benefits" from OPERS. This was more than three years and nine months after Decedent's death, and was the first claim made. OPERS declined Colbert's claim and this action was commenced.

¶ 5 Colbert alleged she was entitled to payment of her deceased husband's benefits under the retirement plan because it was jointly accumulated property. In effect, she relies on Oklahoma law relating to intestate succession. OPERS contends: (1) it cannot pay Colbert because Decedent designated his mother to be his beneficiary, and his sister is the designated contingent beneficiary; (2) Colbert failed to exhaust her administrative remedies pursuant to the Administrative Procedures Act; (3) since the claim was made and this action was commenced more than three years after Decedent's death, it is time barred; and, (4) the sister was not a party to the action, and she was an indispensable party. The material facts were not disputed. The motion was sustained, and the following judgment was entered:

This matter comes on for hearing this 24th day of October, 1997, upon the Defendant's Motion for Summary Judgment. Based upon the briefs, arguments of counsel and relevant law, the Court finds that the Defendant's Motion should be sustained. Specifically, the Court finds that

the deceased member designated a beneficiary other than the Plaintiff, in writing, to receive these funds and the Plaintiff has no cause of action for a claim on these contributions. As a result of this decision, the remaining propositions contained in the parties' pleadings and briefs need not be addressed.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is hereby sustained. IT IS FURTHER ORDERED that Plaintiff's Petition be dismissed.

¶ 6 When a party moves for summary judgment and presents evidentiary materials which show there is no controversy as to the material facts, the burden of proof shifts to the opposing party to present evidence which would justify a trial on the issue. *American Nat'l, Bank & Trust Co. of Shawnee v. Clarke & Van Wagner*, 1984 OK CIV APP 37, 692 P.2d 61. On review of orders granting motions for summary judgment, "this court will examine the pleadings and evidentiary materials to determine what facts are material to [the] cause of action, and to determine whether the evidentiary materials introduced indicate whether there is a substantial controversy as to one material fact and that this fact is in the movant's favor." *Ross, By and Through Ross v. City of Shawnee*, 1984 OK 43, 683 P.2d 535. Here, evidentiary materials were presented in support of OPERS' motion for summary judgment which show that Decedent designated his mother as beneficiary and his sister as contingent beneficiary, and he never changed that designation.

¶ 7 The statute relied upon by OPERS, 74 O.S.1991 § 916, provides: "Except as otherwise provided by law, the accumulated contributions of a member who dies before retirement shall be paid to the beneficiary of the member." Colbert does not cite any statute to the contrary. OPERS, which administers the retirement plan to which decedent contributed, is purely a creature of statute. There is no applicable common law. The statute controls. *Tate v. Browning–*

---

3. Incidentally, at the time this designation was made, Decedent and Colbert were allegedly common law husband and wife.

*Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218. The Act governing OPERS does not require a spouse to be named as a beneficiary. A beneficiary must be named, but any person may be designated. See, 74 O.S.1991 §§ 902 et seq., as amended. Simply stated: the law of intestate succession does not apply. Because there was no material fact in controversy and OPERS was entitled to judgment as a matter of law, summary judgment was properly entered. We find it unnecessary to consider other issues. The Act creating the retirement system clearly establishes all rights, duties, obligations and privileges. It does contain provisions creating spousal rights if, but only if, the spouse is the designated beneficiary, but it specifically requires the member to name "some person" in that capacity.

¶ 8 AFFIRMED.

BUETTNER, P.J., and JOPLIN, J., concur.