2003 OK CIV APP 60

Mardella WILLIAMS, Plaintiff/Appellant,

v.

HARROP INDUSTRIES, INC., Defendant/Appellee,

and

Starcon Construction Company; A.P. Green Industries, Inc.; The Babcock & Wilcox; Dresser Industries f/k/a Harbison–Walker Refractories Company; Midas International, Inc., f/k/a Enterprise–Black Diamond Corporation; Fyrepel Products, Inc.; GAF Corporation; Honeywell, Inc.; M.H. Detrick Company; Asbestos Claims Management Corporation; North American Mfg. Co.; North American Refractories Company; Resco Products, Inc., f/k/a North State Pyrophyllite Co. Inc.; Owens Corning; Santeler Brothers Inc.; Schriber Industries, Inc.; Standard Asbestos Mfg. & Insulation Co.; Star Construction Company; Uniroyal, Inc.; Commercial Brick Corporation, f/k/a Wewoka Brick & Tile Company; John Doe No. 1; John Doe No. 2; John Doe No. 3; John Doe No. 4; John Doe No. 5; Defendants.

No. 98,075.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 28, 2003.

Charles F. Moser, John W. Norman, Thomas A. Wallace, Norman & Edem, PLLC, Oklahoma City, OK, for Plaintiff/Appellant.

Murray E. Abowitz, Kayce L. Gisinger, Abowitz, Timberlake & Dahnke, P.C., Oklahoma City, OK, for Defendant/Appellee.

## OPINION

ADAMS, Presiding Judge:

¶1 Mardella Williams (Williams), the surviving spouse of Andral Lee Williams, Sr. (Employee), appeals from a trial court judgment in favor of Harrop Industries, Inc. (Harrop) on her claim for damages arising out of Employee's death as the alleged result of exposure to asbestos dust in course of his employment by United Clay Pipe Company (Employer) from 1971 to 1973.[1] More than ten years prior to the date Williams filed her

petition in this case, Harrop built kilns and drying ovens at Employer's facility and supplied asbestos-containing materials, in particular part of the kiln cars, used at or incorporated into Employer's facility. The trial court's judgment was based on Harrop's summary judgment motion, which relied upon 12 O.S.2001 § 109. Because we deduce it is impossible to conclude as a matter of law, on the evidentiary material presented to the trial court, that Williams' claim is barred by § 109, we reverse the trial court's judgment.

¶2 In addressing Williams' claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Harrop was entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Williams. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.

¶3 According to § 109, no tort action to recover damages for injury to the person or wrongful death "arising out of" a "deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property" may be brought "against any person … performing or furnishing … construction of such an improvement more than ten (10) years after substantial completion of such an improvement." Williams argues the kiln cars, which included "asbestos rope" cannot be considered an "improvement to real property."

¶4 Harrop argues that the kiln cars were an integral part of the manufacturing process for which the building was constructed and therefore should be considered an improve-

---

1. The record contains a subsequent trial court order making the express findings and directions required in order to make its order regarding Williams' claim against Harrop final. *See* 12 O.S.2001 § 994(A).

ment to real property. It relies heavily on *Ball v. Harnischfeger Corporation,* 1994 OK 65, 877 P.2d 45, which involved an injury that occurred while the victim was working on a crane. This reliance is misplaced. The only issue addressed in *Ball* was whether § 109 applied to a claim against the manufacturer of the crane where the manufacturer had been involved in the design, planning and installation of the crane.

¶5 The *Ball* Court never considered the issue of whether the crane and its components were an "improvement to real property" for purposes of § 109. The Court was called upon to answer a certified question from the federal court which assumed the crane was an improvement to real property.[2]

■ ¶6 The Oklahoma Supreme Court did consider the issue of whether a piece of equipment was an "improvement to real property" for purposes of § 109 in *Smith v. Westinghouse Electric Corp.,* 1987 OK 3, 732 P.2d 466. Although the Court specifically left "unsettled by this opinion the question whether a § 109 'improvement to real property' must always meet our statutory definition of real property," 1987 OK 3, n. 12, 732 P.2d at 469, the Court concluded "[i]n Oklahoma, the answer must be derived from our taxing scheme." 1987 OK 3, ¶9, 732 P.2d at

470. Although we are not presently convinced that *Smith* holds the *ad valorem* tax treatment of the equipment is controlling on this issue, any analysis *must*, at the very least, include consideration of the *ad valorem* tax treatment of the equipment. The evidentiary material presented to the trial court did not address this critical part of the analysis.

¶7 As the moving party, Harrop had the obligation to provide the trial court with evidentiary material which demonstrated that no genuine material facts were in dispute. *See Liberty Bank and Trust Company of Oklahoma City, N.A. v. Bachrach,* 1996 OK 143, 916 P.2d 1377. Harrop did not do so, and summary adjudication was inappropriate. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

JOPLIN, C.J., concurs; and BUETTNER, J., dissents.

---

2. The certified question, from the United State District Court for the Eastern District of Oklahoma, was posed as follows:

Do the provisions of Oklahoma's statute of repose, Okla.Stat. tit. 12 § 109, apply to the manufacturer of a product, *which upon installation is determined to be an improvement to real property?*
*Ball,* 1994 OK 65, ¶1, 877 P.2d 45. (Emphasis added).