2007 OK CIV APP 26

**SPRING CREEK CONSERVATION COALITION, Plaintiff/Appellee,**

v.

**OKLAHOMA DEPARTMENT OF WILDLIFE CONSERVATION and the Oklahoma Wildlife Commission, Defendants/Appellants.**

**No. 103160.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 15, 2006.

Rehearing Denied Feb. 22, 2007.

Charles W. Shipley, Tulsa, Oklahoma, and Gerald L. Hilsher, Tulsa, Oklahoma, and Robert D. Kellogg, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Scott D. Boughton, James V. Barwick, Assistant Attorneys General, Oklahoma City, Oklahoma, for Defendants/Appellants.

OPINION

ADAMS, Judge.

¶ 1 The Oklahoma Department of Wildlife Conservation and the Oklahoma Wildlife Commission (collectively, Commission) appeal from the entry of an order declaring invalid Oklahoma Administrative Code § 800:20–2–2 (OAC § 800:20–2–2). Commission raises three issues on appeal. Commission asks whether the trial court erred when it: (1) found OAC § 800:20–2–2 invalid, (2) ordered it enjoined from taking any action under OAC § 800:20–2–2, and (3) retained jurisdiction pending promulgation and adop-

tion of a new rule. We answer all three questions in the negative and, with modification, affirm the order of the trial court.

¶ 2 The Legislature provided, in 29 O.S. 2002 § 6–504 (A), that "[n]o person shall release, deposit, place or permit to be released, deposited or placed fish in any of the public streams, public lakes or public ponds whose stocking is controlled by and so designated by the Wildlife Conservation Commission without the consent of the Wildlife Conservation Director." Requests to stock fish in Spring Creek were received over several years.

¶ 3 In the fall of 2003, the Commission began to develop a protocol under the rule-making process of the Administrative Procedures Act, 75 O.S.2001 § 250, *et seq.* (APA), for fish introduction permit requests and for rules on several other topics. Public meetings were held and comments gathered in early 2004 on the proposed rules. After withdrawing one of the proposed rules, the remainder were approved. The rule adopted as OAC § 800:20–2–2 addressed fish introduction into state waters.

¶ 4 Spring Creek Conservation Coalition (Coalition) filed an action for declaratory relief and argued the process to adopt OAC § 800:20–2–2 violated the APA, the Commission had acted arbitrarily and capriciously, and that the Commission's actions were in contravention of goals set for it. The Coalition moved for summary judgment in its favor. The trial court granted the Coalition's motion, found the rule void and invalid, enjoined the Commission from taking further action under the rule or issuing permits for the introduction of fish into Spring Creek, and retained jurisdiction over the matter pending adoption of a new rule. This appeal followed.

■■■ ¶ 5 In addressing the Commission's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and the Coalition was entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the eviden-

tiary materials must be viewed in a light most favorable to the Commission. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.

■■ ¶ 6 The Commission is empowered by the Oklahoma Constitution Article XXVII, Sec. 1, to enact rules and regulations, but the promulgation of such rules and regulations must comply with the APA. To be valid, rules must be promulgated as required by the APA, 75 O.S.2001 § 308.2, and must substantially comply with APA requirements. 75 O.S.2001 § 303 (E).

¶ 7 The Coalition's challenge to the rule-making process was based on an alleged failure to comply with 75 O.S.2001 § 303 (A)(2), which provides that an agency "shall consider fully all written and oral submissions respecting the proposed rule." The Coalition argued that this did not occur because the submissions, *i.e.,* public comments made at hearings on the proposed rule, were not before the Commission during its deliberative and evaluation process for adoption.

¶ 8 According to the record, employees of the Commission prepared summaries of the public's comments after the public hearings. However, the Commission's response to the Coalition's motion stated that, "consistent with standard protocol," these summaries were not provided to the Commission members unless specifically requested. The Commissioners were only given a statement that "[t]he majority of the comments were in favor of the proposals." This statement does not satisfy the statutory requirement set forth in § 303(A)(2).

¶ 9 The process employed here is inherently flawed because it allows employees to make the decisions entrusted by statute to the members of the Commission as to relevance or other factors raised in the public comments which may bear upon the rule-making process. The use of such a process here essentially renders the hearings for public comment a nullity. The Commission-

ers are the ones who must "consider fully" the public's comments, and any filtering of the comments by others not so charged by statute under such a "standard protocol" of the type used here is inherently defective under the APA.

¶ 10 Further, 75 O.S.2001 § 303.1 (E)(8) requires that, when an adopted permanent rule is submitted to the Governor and the Legislature for approval, an agency's rule report shall include

A summary of the comments and explanation of changes or lack of any change made in the adopted rules as a result of testimony received at all hearings or meetings held or sponsored by an agency for the purpose of providing the public an opportunity to comment on the rules or of any written comments received prior to the adoption of the rule.

The statement submitted to the Governor noted that seven statewide hearings had been held and that "[t]he consensus from those attending was in favor of all recommendations, except for the proposal to make it illegal to fillet fish on the water." This summary of comments falls far short of the requirements under § 303.1(E)(8),[1] lacking, as it does, any explanation whatsoever of any change or lack of change occurring as a result of the testimony and comments received at the public hearings.

¶ 11 The rule-making process employed here did not constitute substantial compliance with the APA and the fish introduction rule produced *via* this defective process is invalid. The trial court order finding OAC § 800:20–2–2 invalid, enjoining the Commission from further action under the invalid rule, and retaining jurisdiction pending promulgation and adoption of a new rule is affirmed.

■ ¶ 12 However, the trial court's order contains textual analysis which is not relevant to a determination of whether the rule was valid or invalid under the APA rulemaking requirements but instead addresses

whether the rule adopted by the defective process was arbitrary and capricious. Once the trial court determined that the rule had not been properly promulgated, any consideration of the specific provisions of the rule was moot. Such an analysis must await a rule properly adopted under the APA. Accordingly, all of the trial court's order addressing specific provisions which were either contained in or absent from the defectively adopted rule must be reversed. The trial court's order is therefore modified to remove those provisions, and as so modified, is affirmed.

AFFIRMED AS MODIFIED.

BUETTNER, C.J., and MITCHELL, P.J., concur.

---

1. The Coalition argued and the trial court order found that the summaries given the Commission, Governor, and Legislature also were not a fair or accurate summary of environmental and other concerns raised by the public in comments. In

light of the failure of the procedure to meet other critical aspects of the APA rule-making requirements and the limited scope of the matters raised on appeal, we need not address any particulars of this alleged deficiency.