2008 OK 81

Robert David KNIGHT, by and through his guardian ad litem Carol Sue ELLIS, Plaintiff/Appellant,

v.

Johnny MILLER, Timeline Recovery, L.L.C., and Empire Fire and Marine Insurance Company, Defendants/Appellees.

No. 103,460.

Supreme Court of Oklahoma.

Sept. 16, 2008.

Patrick E. Carr, A. Laurie Koller, Carr & Carr, Tulsa, OK; Rex Travis, Paul D. Kouri, Oklahoma City, OK, for Plaintiff/Appellant.

Mark A. Smiling, Gerald M. Bender, Tulsa, OK, for Defendant/Appellee Timeline Recovery.

David S. Landers, Tulsa, OK, for Defendant/Appellee Johnny Miller.

Michael J. Masterson and David R. Smith, Tulsa, OK, for Defendant/Appellee Empire Fire & Marine Insurance Company.

EDMONDSON, V.C.J.

¶1 In 2004 the legislature deleted from our Declaratory Judgment Act, 12 O.S.2001 § 1651, a proscription of declarations of liability or nonliability for damages on account of alleged tortious injuries "concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries." The question before us in this accelerated review is whether, under the revised statute, a plaintiff in a negligence/injury suit, who has not yet obtained a judgment against a tortfeasor, may bring a declaratory judgment action against the tortfeasor's insurer to determine issues of liability or indemnity insurance coverage.

¶2 We find that notwithstanding the statutory change, the trial court correctly determined the facts of this case do not present an actual justiciable controversy. Certiorari was previously granted to review the certified interlocutory order of the trial court and we affirm that court's dismissal of the action.

¶3 Plaintiff, Robert Knight, through his guardian ad litem, brought a suit in negligence against defendants Johnny Miller and Miller's employer, Timeline Recovery, L.L.C. (Timeline), for injuries he suffered in a motor vehicle accident on Highway 16 in Okmulgee County on January 17, 2003, when his vehicle collided with a pick-up truck occupied by defendant Johnny Miller and Melissa Stone and owned by Timeline. At the time of the accident, Ms. Stone and Mr. Miller were returning from Muskogee where Mr. Miller had been on a repossession assignment for Timeline. Ms. Stone, who had joined her friend Mr. Miller for the trip, was driving. Ms. Stone was killed and both Mr. Knight and Mr. Miller sustained serious injuries. Mr. Knight's petition alleged Ms. Stone and Mr. Miller were agents of Timeline, which should be liable on grounds of *respondeat superior*, negligent entrustment and permissive use.

¶4 The trial court permitted Mr. Knight to amend his petition to add a request for declaratory judgment against Timeline's insurer, Empire Fire & Marine Insurance Company (Empire), that its commercial general liability insurance policy provided coverage for the accident and for all plaintiff's injuries which defendants Miller and/or Timeline should become legally obligated to pay, up to the limit of the policy.

¶5 Empire moved the court to dismiss the claim, contending (1)the action is not authorized by our Declaratory Judgment Act, and (2) plaintiff was merely trying to obtain an advisory opinion about a hypothetical question. Empire argued that Knight, who was not an insured under the policy and had not yet obtained a judgment against an Empire-insured, did not have standing to sue for declaration of coverage, and therefore there is no requisite actual justiciable controversy between parties. Knight argued that declaratory judgment was appropriate under the recent amendment to § 1651. The trial court agreed that the matter did not present a justiciable controversy, sustained Empire's motion, granted Knight's request to certify the order as a certified interlocutory order pursuant to 12 O.S.2001 § 952 (b)(3), and Knight brought this appeal.

¶6 Our review of the trial court's dismissal order is *de novo* as it presents a question of law. *May v. Mid–Century Ins. Co.*, 2006 OK 100, 151 P.3d 132, 140.

¶7 Our Declaratory Judgment Act was adopted in 1961. It was recognized as "substantially" the same as the Uniform Declaratory Judgments Act, although it provided certain exceptions to the power of the

court to grant declaratory relief. *Gordon v. Followell*, 1964 OK 74, 391 P.2d 242; Fraser, *Oklahoma's Declaratory Judgment Act*, 32 OBJ 1447. The original version of the statute was as follows:

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workers' compensation laws for injuries to persons or *concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries.* The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceeding. (emphasis added).

Following the legislature's 2004 amendments, the statute now reads:

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workers' compensation laws for injuries to persons. The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceeding.

¶ 8 It remains clear that the first requisite of a proper case for declaratory relief is an actual controversy. This Court does not issue advisory opinions or answer hypothetical questions where there is no case or controversy, and this rule does not change when a declaratory judgment is involved. Speaking to that point in *Gordon v. Followell*, 391 P.2d at 242, this Court stated in the first paragraph of its syllabus: "In order to invoke the court's jurisdiction under our declaratory judgment act, there must be an actual, existing controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute." In further explanation of the requisites, including standing, of an "actual controversy" which must be the basis of the declaratory relief sought, the Court quoted with approval the following summarization originally from Declaratory Judgments, Borchard, pages 26 and 27:

> The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination. *Id.* at 244.

¶ 9 Without question, the prohibition against resolving the rights and obligations of the parties to a liability policy by declara-

tory judgment was removed by the 2004 amendment to § 1651. Such was the post-amendment conclusion reached by the Court of Appeals in *Equity Insurance Co. v. Garrett*, 2008 OK CIV APP 23, 178 P.3d 201, where insurer successfully brought a declaratory judgment action against insured concerning their liability insurance contract and insured appealed, challenging that court's jurisdiction to render the declaratory judgment. The court upheld the jurisdiction of the trial court, stating: "In our view, the deletion of the insurance proscription from § 1651 clearly evinces a change in the law and our Legislature's intent to permit a declaratory judgment action to determine the rights and obligations of the *insured and the insurer* under a liability policy or a policy of indemnity against liability." *Id.* at 204 (emphasis added).

¶ 10 We agree with that court's analysis of the issue. However, it does not follow that a declaratory action involving the coverage of a liability insurance policy, which is now permitted by § 1651, may be brought by one who neither is a party to the contract nor has a presently enforceable interest in it.

■■■ ¶ 11 Before there can be a case of actual justiciable controversy presented to the court, there must be a party with standing to pursue the action so courts are asked to determine legally protected interests which are concrete, and are not asked to decide hypothetical or conjectural questions. *Toxic Waste Impact Group, Inc., v. Leavitt,*

1994 OK 148, 890 P.2d 906, 910–911. "Standing focuses on the party seeking to get his complaint before the court and not on the issues tendered for determination. In standing problems, the inquiry posed is whether the party invoking the court's jurisdiction has a legally cognizable interest in the outcome of the tendered controversy." *Democratic Party of Oklahoma v. Estep,* 1982 OK 106, 652 P.2d 271, 274 (citations omitted).

¶ 12 As Empire argues, and we agree, Knight is a stranger to the insurance contract between Empire and Timeline and does not have a judgment against an Empire-insured. He is seeking a declaration that Empire is obligated to pay any judgment he may recover against Timeline or its employee Miller, but there is no judgment in existence and there may never be one. He has no legally cognizable or protectible interest in the controversy and he will not have one unless and until he should succeed in the negligence action, for it is only at that point that Empire may have a legal obligation to pay. Knight's interest is not real, but potential; it is contingent on the future adjudication of the alleged torts.

¶ 13 Consequently, there is not presently an actual, justiciable controversy between Knight and Empire about Empire's obligation to pay based on an insurance contract between Empire and Timeline. Other courts have precluded declaratory judgment actions under like circumstances and we find their reasoning convincing.[1]

1. *See, e.g.: Hale v. Fireman's Fund Insurance Co.,* 209 Or. 99, 302 P.2d 1010 (1956) (plaintiff, injured party, who held no judgment against purported tortfeasor defendant, could not seek declaratory relief from insurer as plaintiff's rights are too remote and contingent to be appropriate for such relief and no present controversy existed between parties) (see also cases cited therein); *Rhodes v. Lucero,* 79 N.M. 403, 444 P.2d 588 (1968) (declaratory judgment action brought by plaintiff insurer and plaintiff insured who had no judgment against defendant insured was dismissed as plaintiffs' rights of recovery were contingent); *Farmers Insurance Exchange v. District Court,* 862 P.2d 944 (Colo.1993) (declaratory judgment action was dismissed as plaintiff, injured party, who did not have judgment against defendant, did not have standing to bring action; there was no existing legal controversy between parties, only mere possibility of future legal dispute); *Knittle v. Progressive Casualty Insurance*

*Co.,* 112 Nev. 8, 908 P.2d 724 (1996) (declaratory relief against defendant's insurer is not available to plaintiff, injured party, who held no judgment against defendant, as matter does not present justiciable controversy ripe for judicial determination) (see also cases cited therein). *See also Cross v. Occidental Fire & Casualty Co.,* 347 F.Supp. 342 (W.D.Okl.1972) (declaratory judgment action dismissed as no actual controversy exists between plaintiff and defendant's insurer where plaintiff has no judgment against defendant; plaintiff's claim is not real nor immediate but potential and contingent and plaintiff has no present adverse legal interest in obligations of insurer to its insured); *Indemnity Ins. Co. of North America v. Kellas,* 173 F.2d 120 (1st Cir. 1949) (trial court's dismissal of declaratory judgment action brought by insurer against insureds and tort claimants affirmed without reaching jurisdictional issues, recognizing that between insurer and tort claimants who had no judgment

¶ 14 We are not persuaded by Knight's arguments that *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), upholds his view that under the facts of this case there is enough of an "actual controversy" between Empire and himself to let him stand as a proper party to bring this § 1651 action. Maryland Casualty Co. brought a declaratory judgment action against its insured and the injured party who had not yet obtained judgment against the insured. Addressing the issue of whether an actual controversy was presented, the Supreme Court explained that there is no precise test to determine whether such a controversy is present, and suggested that the question in each case becomes "whether the facts alleged, under all the circumstances, show that there is substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.... It is immaterial that frequently in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Id.,* 312 U.S. at 273, 61 S.Ct. at 512, 85 L.Ed. at 829. The Court's determination that an actual controversy existed between those parties rested in large part on the provisions of applicable state statutory provisions and recognition of the risk of receiving conflicting judgments from the federal and state courts regarding obligations and rights under the policy.

¶ 15 In *Cross v. Occidental Fire and Casualty Co.,* 347 F.Supp. 342 (W.D.Okl.1972), the injured party plaintiff presented the same arguments advanced here by Knight to establish an actual controversy between the parties. There the plaintiff, who did not have a judgment against the insured, brought a declaratory judgment action against the insurer to establish its duty to pay any judgment which might be had against insured.

¶ 16 Applying the *Maryland Casualty Co.* analysis in its determination of the issue of actual controversy, the Court found no justiciable controversy and dismissed the action, setting forth the following which is relevant here:

against insureds, there existed, at most, the makings of a potential controversy) (cited with ap-

The best that can be said on this point is that Plaintiff's claim is potential and contingent. There is no actual controversy between Plaintiff and Defendant on the obligation to pay at this time, notwithstanding Defendant's advance refusal. In the words of our Circuit, 'This potential controversy is contingent upon a determination of the occurrence of the tort.' (citing *Gray v. New Mexico Military Institute,* 249 F.2d 28 (10th Cir.1957).)

Plaintiff has no present adverse legal interest in the obligations of the Defendant to its insured. All the legal interests presently possessed by the Plaintiff, as disclosed by his pleadings, are related to the alleged tortious acts of the insured, not the Defendant. All the legal interests Defendant presently possesses are related to the contract of insurance it has with its insured. Plaintiff's interests all arise out of a claimed tort; Defendant's interests all arise out of an insurance contract and the two have separate and independent bases.

Finally, Plaintiff's claim herein is neither immediate nor real. It is not immediate because of its contingent nature and it is not real because there is no legal principle that the Court knows of to support it. In this respect, Plaintiff argues that if an insurance company may sue before conclusion or even initiation of the State Court action and join therein the injured parties, such as Plaintiff, as was done in *Maryland Casualty Co. v. Pacific Coal & Oil Co., supra,* and countless others, then 'surely' the reverse must be permitted. There is good reason for permitting the joinder of persons in Plaintiff's position by an insurer seeking declaratory relief. If they were not joined they would not be bound by a favorable judgment of noncoverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations. No such factors are present in the case conceived by Plaintiff and brought here. The Court concludes that Plaintiff's Complaint does not present an actual controversy to be decided under the provisions of 28 U.S.C.A. §§ 2201 and 2202 and that the same should be dismissed.

proval in *Gray v. New Mexico Military Institute,* 249 F.2d 28, 30 (10th Cir.1957)).

*Cross v. Occidental Fire and Casualty Co.,* *supra* at 343–344.

¶ 17 We affirm the dismissal of this action because it is not presently a case of actual controversy as required by 12 O.S. 1651. This being so, it is unnecessary to address other issues raised by the parties.

¶ 18 All Justices Concur.