2012 OK 4

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee in Trust for the Benefit of the Certificate Holders for Argent Securities Inc., Asset–Backed Pass through Certificates, Series 2006–W2, Plaintiff/Appellee,

v.

Jevester BYRAMS, Jr. and Natacha Byrams, et al, Defendant/Appellant.

No. 108,545.

Supreme Court of Oklahoma.

Jan. 17, 2012.

As Corrected Jan. 19, 2012.

Rehearing Denied April 9, 2012.

Phillip A. Taylor, Taylor & Associates, Broken Arrow, Oklahoma, for Defendant/Appellants.

A. Grant Schwabe, Kivell, Rayment and Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

COMBS, J.

### FACTUAL AND PROCURAL HISTORY

¶ 1 In a petition filed on December 8, 2009, Deutsche Bank National Trust company, as Trustee in Trust for the benefit of the Certificate Holders for Argent Securities Inc., Asset–Backed Pass–Through Certificates, Series 2006–W2, claiming to be the present holder of the note (hereinafter Deutsche Bank) filed a foreclosure action against the Byramses. Deutsche Bank claimed at that time to hold the note and mortgage having received due assignment through mesne assignments of record or conveyance via mortgage servicing transfer. A review of the note shows no indorsement. Argent Mort-

gage Company, LLC, was the original lender. In its brief in support of motion for summary judgment, filed March 9, 2010, Deutsche Bank attached a document entitled "Assignment of Mortgage." This assignment of mortgage was acknowledged on January 12, 2010, and stamped as being recorded with the County Clerk of Tulsa County on January 26, 2010. This was over one month **after** the filing of the foreclosure proceeding (December 8, 2009). Additionally, this Assignment of Mortgage, from Argent Mortgage Company, LLC, by Citi Residential Lending, Inc., made to plaintiff, Deutsche Bank as the trustee of Argent Mortgage Company, LLC, was signed by Citi Residential Lending, Inc. Both the assignor and assignee list the same address, "c/o American Home Mtg Servicing, Inc. 1525 S. Beltline Rd, Coppell, TX 75019." A summary judgment granted in Deutsche Bank's favor against the Byrams on May 11, 2010, memorialized a final journal entry of judgment order. A petition for new trial to vacate the final journal entry of judgment, and motion to dismiss plaintiff's petition for lack of standing was filed on May 21, 2010, which was denied by order on June 28, 2010, by the trial court. The Byrams appeal this summary judgment arguing Deutsche Bank National Trust Company failed to demonstrate standing.

### STANDARD OF REVIEW

¶ 2 An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.*, 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

### ANALYSIS

¶ 3 Appellant argues Appellee does not have standing to bring this foreclosure ac-

tion. Although Appellee has argued it holds the note, there is no evidence in the record supporting it is a holder of the note. The face of the note does not indicate it was indorsed and the purported "assignment of mortgage" was filed **after** the filing of the foreclosure proceedings.

¶ 4 The issue presented to this Court is standing. This Court has previously held:

Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

*Matter of the Estate of Doan*, 1986 OK 15, ¶ 7, 727 P.2d 574, 576. In *Hendrick v. Walters*, 1993 OK 162, ¶ 4, 865 P.2d 1232, 1234, this Court also held:

Respondent challenges Petitioner's *standing* to bring the tendered issue. Standing refers to a person's legal right to seek relief in a judicial forum. *It may be raised as an issue at any stage of the judicial process by any party or by the court sua sponte.* (emphasis original)

Furthermore, in *Fent v. Contingency Review Board*, 2007 OK 27, footnote 19, 163 P.3d 512, 519, this Court stated "[s]tanding may be raised at any stage of the judicial process or by the court on its own motion." Additionally in *Fent*, this Court stated:

Standing refers to a person's legal right to seek relief in a judicial forum. The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact—*i.e.*, suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct,

and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision. The doctrine of standing ensures a party has a personal stake in the outcome of a case and the parties are truly adverse.

*Fent v. Contingency Review Board*, 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit. And, thus, "standing [must] be determined as of the commencement of suit; ..." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 5, 112 S.Ct. 2130, 2142, 119 L.Ed.2d 351 (1992).

¶ 5 To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing. *Gill v. First Nat. Bank & Trust Co. of Oklahoma City*, 1945 OK 181, 195 Okla. 607, 159 P.2d 717.[1] An assignment of the mortgage, however, is of no consequence because under Oklahoma law, "[p]roof of ownership of the note carried with it ownership of the mortgage security." *Engle v. Federal Nat. Mortg. Ass'n*, 1956 OK 176, ¶ 7, 300 P.2d 997, 999. "Therefore, in Oklahoma it is not possible to bifurcate the security interest from the note." *BAC Home Loans Servicing, L.P. v. White*, 2011 OK CIV APP 35, ¶ 10, 256 P.3d 1014, 1017. Because the note is a negotiable instrument, it is subject to the requirements of the UCC. Thus, a foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument" by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 12A–3–309 or subsection (d) of Section 12A–3–418 of this title." 12A O.S.2001 § 3–301.

¶ 6 To show you are the "holder" of the note you must prove you are in possession of the note and the note is either "payable to

---

1. This opinion occurred prior to the enactment of the UCC. It is, however, possible for the owner of the note not to be the person entitled to enforce the note if the owner is not in possession of the note. (See the *REPORT OF THE PERMA-* *NENT EDITORIAL BOARD FOR THE UNIFORM COMMERCIAL CODE, APPLICATION OF THE UNIFORM COMMERCIAL CODE TO SELECTED ISSUES RELATING TO MORTGAGE NOTES (NOVEMBER 14, 2011)).*

bearer" (blank indorsement) or to an identified person that is the person in possession (special indorsement).[2] Therefore, both possession of the note and an indorsement on the note or attached allonge [3] are required in order for one to be a "holder" of the note.

¶ 7 To be a "nonholder in possession who has the rights of a holder" you must be in possession of a note that has not been indorsed either by special indorsement or blank indorsement. The record in this case reflects the note has not been indorsed. No negotiation has occurred because the person now in possession did not become a holder by lack of the note being indorsed as mentioned. Negotiation is the voluntary or involuntary transfer of an instrument by a person other than the issuer to a person who thereby becomes its holder. 12A O.S.2001, § 3–201. Transfer occurs when the instrument is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument. 12A O.S.2001, § 3–203. Delivery of the note would still have to occur even though there is no negotiation. Delivery is defined as the voluntary transfer of possession. 12A O.S. 2001, § 1–201(b)(15). The transferee would then be vested with any right of the transferor to enforce the note. 12A O.S.2001, 3–203(b). Some jurisdictions have held that without holder status and therefore the presumption of a right to enforce, the possessor of the note must demonstrate both the fact of the delivery and the purpose of the delivery of the note to the transferee in order to qualify as the person entitled to enforce. *In re Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011). See also, 12A O.S.2001, § 3–203.

██ ¶ 8 In the present case, Appellee has only presented evidence of an unindorsed note and an "Assignment of Mortgage." Without an indorsement on the note the Appellee cannot be a holder of the note. Therefore, from the record presented to this Court, the Appellee must assert it is a nonholder in possession who has the rights of a holder.

██ ¶ 9 The assignment of a mortgage is not the same as an assignment of the note. If a person is trying to establish it is a nonholder in possession who has the rights of a holder it must bear the burden of establishing its status as a nonholder in possession with the rights of a holder. Appellee must establish delivery of the note as well as the purpose of that delivery. In the present case, it appears Appellee is trying to use the assignment of mortgage in order to establish the purpose of delivery. The assignment of mortgage purports to transfer "the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage." This language has been determined by other jurisdictions to not effect an assignment of a note but to be useful only in identifying the mortgage. Therefore, this language is neither proof of transfer of the note nor proof of the purpose of any alleged transfer. See, *In re Veal*, 450 B.R. 897, 905 (B.A.P. 9th Cir.2011).

██ ¶ 10 Appellee must show it became a "person entitled to enforce" **prior** to the filing of the foreclosure proceeding. In the present case, there is a question of fact as to when and if this occurred and summary judgment is not appropriate. Therefore, we reverse the granting of summary judgment by the trial court and remand back for further determinations. If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder after the foreclosure action was filed, then the case may be dismissed **without prejudice** and the action may be re-filed in the name of the proper party.

### CONCLUSION

¶ 11 It is a fundamental precept of the law to expect a foreclosing party to actually be in

2. 12A O.S.2001, §§ 1–201(b)(21), 3–204 and 3–205.

3. According to Black's Law Dictionary (9th ed. 2009) an allonge is "[a] slip of paper sometimes

attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." See, 12A O.S.2001, § 3–204(a).

possession of its claimed interest in the note, and have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff. This is accomplished by showing the party is a holder of the instrument or a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A O.S. 2001, § 3–309 or 12A O.S.2001, § 3–418. Likewise, for the homeowners, absent adjudication on the underlying indebtedness, the dismissal cannot cancel their obligation arising from an authenticated note, or insulate them from foreclosure proceedings based on proven delinquency. See, *U.S. Bank National Association v. Kimball*, 27 A.3d 1087, 75 UCC Rep.Serv.2d 100, 2011 VT 81 (VT 2011); *and Indymac Bank, F.S.B. v. Yano-Horoski*, 78 A.D.3d 895, 912 N.Y.S.2d 239 (2010).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

¶ 12 CONCUR: TAYLOR (This Court's decision in no way releases or exonerates the debt owed by the defendants on this home.), C.J., KAUGER (joins TAYLOR, C.J.), WATT, WINCHESTER (joins TAYLOR, C.J.), EDMONDSON, REIF, COMBS, GURICH (joins TAYLOR, C.J.), JJ.

¶ 13 RECUSED: COLBERT, V.C.J.