2014 OK CIV APP 105

**BANK OF AMERICA, N.A.,**
Plaintiff/Appellee,

v.

**James F. MOODY, Susan L. Moody,**
Defendants/Appellants,

and

**John Doe, as Occupant of the Premises, Jane Doe, as Occupant of the Premises, Defendants.**[1]

**No. 112,526.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 5, 2014.

Greg A. Young, Baer, Timberlake, Coulson & Cates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

---

1. The trial court dismissed the case as to Defendants John Doe and Jane Doe.

Laura Emily Frossard, Legal Aid Services Of Oklahoma, Inc., Tulsa, Oklahoma, for Defendants/Appellants.

BAY MITCHELL, Judge.

¶ 1 In this mortgage foreclosure proceeding, Defendants/Appellants James F. Moody and Susan L. Moody ("Owners") seek review of an order granting summary judgment in favor of Plaintiff/Appellee Bank of America, N.A. ("Bank"). On appeal, Owners claim there was a genuine issue of material fact concerning Bank's standing to sue on the promissory note ("Note"). Additionally, Owners claim there was a genuine issue of material fact as to whether the Petition was filed in good faith because Owners' request for loan modification was pending. Upon review of the record and applicable law, we affirm.

¶ 2 Bank filed its Petition on July 26, 2012, alleging Owners had defaulted on the Note beginning September 1, 2011. The Note, attached to the Petition as Exhibit A, is signed by James F. Moody and promises to pay BSM Financial, L.P. $72,724.00. Page three of the exhibit contains two indorsements: the first is a special indorsement from BSM Financial to Taylor, Bean, and Whitaker Mortgage Corp. The second is an undated, blank indorsement from Taylor, Bean, and Whitaker.

¶ 3 On January 31, 2013, Bank filed a Motion for Summary Judgment. Owners filed a response, claiming Bank had not shown it was entitled to enforce the Note before the Petition was filed, as required by *Deutsche Bank National Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, and *Deutsche Bank National Trust v. Byrams*, 2012 OK 4, 275 P.3d 129. Owners also claimed Bank had not filed the Petition in good faith because Bank failed to comply with the requirements of the federal Home Affordable Modification Program ("HAMP") and with service standards arising out of a consent judgment to which Bank was a party. On January 3, 2014, the trial court sustained the motion and entered judgment in favor of Bank.

¶ 4 We review an appeal on summary judgment *de novo*. *J.P. Morgan Chase Bank Nat. Ass'n v. Eldridge*, 2012 OK 24, ¶ 5, 273 P.3d 62, 65. "All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment." *Id.* If reasonable individuals could reach different factual conclusions under the evidentiary materials, summary judgment is improper. *Id.* (citations omitted).

¶ 5 "To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a right to enforce the note and, absent a showing of ownership, the plaintiff lacks standing." *Eldridge*, 2012 OK 24, ¶ 8, 273 P.3d at 66 (citing *Gill v. First Nat. Bank & Trust Co.*, 1945 OK 181, 159 P.2d 717). A promissory note is a negotiable instrument and is subject to the requirements of the Uniform Commercial Code ("UCC"), 12A O.S.2011 § 1–101 *et seq.* The plaintiff has the burden of showing it was entitled to enforce the instrument by showing it was "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [other sections of the UCC]." 12A O.S.2011 § 3–301; *Bank of America, N.A. v. Kabba*, 2012 OK 23, ¶ 5, 276 P.3d 1006, 1009. A "holder" is the person in possession of an instrument that is made payable to that person (special indorsement) or the person in possession of an instrument made payable to bearer (blank indorsement). *See* 12A O.S.2011 §§ 1–201(21)(A) and 3–205. Additionally, the plaintiff must show it became entitled to enforce the note *prior* to the filing of the foreclosure petition. *Byrams*, 2012 OK 4, ¶ 10, 275 P.3d at 132; *see also U.S. Bank, N.A. v. Moore*, 2012 OK 32, ¶ 20, 278 P.3d 596, 601.

¶ 6 On appeal, Owners raise several issues concerning Bank's status as holder of the Note. Owners claim Bank failed to prove: (i) the blank indorsement from Taylor, Bean, and Whitaker occurred pre-filing; (ii) the indorsement from Taylor, Bean, and Whitaker was made by someone authorized to do

so; and (iii) Bank possessed the Note before filing its Petition.

¶ 7 This case is similar to *Brumbaugh*, with one key factual difference. In *Brumbaugh*, the note attached to plaintiff's petition contained no indorsements whatsoever. *Brumbaugh*, 2012 OK 3, ¶ 4, 270 P.3d at 152. Plaintiff eventually attached a note containing an undated, blank indorsement to its reply to defendant's response to plaintiff's motion for summary judgment. *Id.* The Oklahoma Supreme Court held that this created a question of fact as to when plaintiff became a holder. *Id.*, ¶ 11, 270 P.3d at 155. In the instant case, Bank attached the Note *with* Taylor, Bean, and Whitaker's blank indorsement to the Petition, demonstrating that the indorsement occurred and that Bank possessed the Note pre-filing. Furthermore, Owners cite no legal authority that requires Bank to prove the blank indorsement was made by someone authorized to do so, nor does the record support an inference that the indorsement was unauthorized. Accordingly, Bank was entitled to enforce the Note and had standing to bring the foreclosure proceeding.[2]

 ¶ 8 Owners also claim there was a genuine issue of material fact concerning Bank's failure to comply with HAMP and consent judgment service standards. HAMP is a federal loan modification program provided for under the scope of the Troubled Asset Relief Program. *See* 12 U.S.C. § 5211; *see also Eldridge*, 2012 OK 24, ¶ 2 n. 2, 273 P.3d at 64 n. 2. Under HAMP, mortgage servicers enter into contracts, known as Servicer Participation Agreements, with the United States Treasury and agree to modify mortgages in a particular and uniform fashion. *See* Making Home Affordable Program, Handbook for Servicers of Non–GSE Mortgages 15 (Version 4.4 2014), *available at* https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_44.pdf. In return, the government gives the mortgage servicers incentive payments. *Id.* at 143. Mortgage servicers are required to (i) check

borrower eligibility for HAMP program protections and (ii) if the borrower is determined to be eligible, make reasonable attempts to modify the terms of the loan *prior* to seeking foreclosure. *Id.* at 89–90. Similarly, the service standards, arising out of a consent judgment between the United States, Bank, and other major banking institutions, prohibit a mortgage servicer from engaging in "dual-tracking," *i.e.*, foreclosing on a borrower's home while simultaneously processing his loan modification application. *See United States v. Bank of America Corp., et al.*, No. 12–0381 (D.D.C. Apr. 4, 2012) (order entering consent judgment).

¶ 9 Owners cite no binding authority for their assertion that a mortgage servicer's failure to comply with HAMP or the servicing standards is an affirmative defense to foreclosure. No case in Oklahoma has held as such. The vast majority of courts have rejected arguments that a borrower has a direct cause of action under HAMP, that a borrower has due process rights under HAMP, or that a borrower can maintain a breach of contract action under a third-party beneficiary theory. *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir.2012) (holding that HAMP provides no express or implied right of action); *Edwards v. Aurora Loan Servs., LLC*, 791 F. SupP.2d 144, 151 (D.D.C.2011) (holding borrower had no due process rights under HAMP and rejecting third party beneficiary theory). Accordingly, we hold that a loan servicer's failure to comply with HAMP or consent judgment service standards does not provide a meritorious defense to foreclosure.

¶ 10 There was no genuine issue of material fact concerning Bank's standing to enforce the Note, nor did Owners raise a valid affirmative defense to foreclosure. Accordingly, the trial court's order sustaining Bank's Motion for Summary Judgment is AFFIRMED.

BELL, P.J., and GOREE, J., concur.

---

**2.** Owner also attacks the validity of an affidavit from a Bank officer attached to Bank's Motion for Summary Judgment. Because Bank proved it was in possession of the Note at the time of filing by attaching it to the Petition, the affidavit was not needed. Therefore, we do not address Owners' propositions of error concerning the affidavit.