2016 OK CIV APP 53

Teresa SAUDERS and Michael Lowell, Individuals and Next of Kin of Betty Lowell, Deceased, Plaintiffs/Appellants,

v.

MANGUM NURSING CENTER, LLC, d/b/a Grace Living Center—Mangum; Don Greiner, Individually; Amity Care, LLC, Defendants/Appellees.

Case No. 113, 860

Court of Civil Appeals of Oklahoma, Division No. 4, **DIVISION IV**.

FILED JULY 15, 2016

Decided: 4/11/2016

Mandate Issued: 08/09/2016

L. Ray Maples, Travis Dunn, Nicole R. Snapp–Holloway, Maples, Nix & Diesselhorst; Edmond, Oklahoma, for Plaintiffs/Appellants

J. Michael DeYong, Gina K. Cheatham, Deyong & Cheatham, P.A., Oklahoma City, Oklahoma, for Defendant/Appellee Don Greiner

OPINION BY JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Teresa Sauders and Michael Lowell, individually and as next of kin of Betty Lowell, deceased (collectively, Plaintiffs), appeal the trial court's order granting Don Greiner's motion to dismiss and certifying the dismissal for appeal.[1] We consider this appeal according to Supreme Court Rule 1.36, 12 O.S. Supp. 2015, ch. 15, app. 1, without appellate briefing. After review, we reverse and remand for further proceedings.[2]

## FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiffs filed a lawsuit against Mangum Nursing Center, LLC, d/b/a Grace Living Center—Mangum; Don Greiner, individually; Amity Care, LLC; the Kenneth D. Greiner III Revocable Trust; the Don Greiner Trust; and Remangum, LLC, alleging Betty Lowell was a resident at Grace Living Center in Mangum, Oklahoma, from January 31, 2013, through March 30, 2013, and she died on May 8, 2013, as a consequence of the defendants' wrongful conduct. The petition alleges the following as to Don Greiner: "Don Greiner, is sued in his Individual capacity, Said Defendant is located at 4350 Will Rogers Parkway 300, Oklahoma City, OK 73108, and is believed to be an Officer and President/Manager." Plaintiffs asserted claims for negligence, statutory violations of the Nursing Home Care Act, negligence per se pursuant to the Nursing Home Care Act, negligence of individual defendants, and fraud practiced by the controlling corporate defendants. Plaintiffs stated they were seeking "compensatory, actual, and punitive damages pursuant to survival and wrongful death statutes."

¶3 Remangum, LLC, the Kenneth D. Greiner III Revocable Trust, the Don Greiner Trust, and Don Greiner, both individually and as trustee, entered a special appearance and moved the trial court to dismiss Plaintiffs' suit pursuant to 12 O.S. § 2012(B)(6) for failure to state a claim. They asserted dismissal was proper pursuant to 12 O.S. Supp. 2013 § 682, which provides in relevant part:

B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer,

---

1. Greiner filed a motion to dismiss this appeal as premature. We deny the motion because we conclude the trial court did not abuse its discretion in certifying this matter for appeal pursuant to 12 O.S.2011 § 994.

2. Plaintiffs filed a motion to "disqualify Judge Deborah B. Barnes from sitting or presiding over the matters in this Appeal." We deny this motion as moot because Judge Barnes is not assigned to Division IV of this Court and did not participate in any way in the decision of this case.

director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. *Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.*

C. Subject to the exceptions provided for in subsection B of this section, any claim against an officer, director or shareholder asserting liability against such officer, director or shareholder for the liabilities of a corporation shall not be tried during the same phase of the proceeding in which the issues of liability with respect to the corporation are tried unless there also exists a claim based upon the conduct or act of the officer, director or shareholder of the corporation arising out of the same or related transaction or occurrence.

D. Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsections B and C of this section.

(Emphasis added.)

¶ 4 In a motion to settle journey entry filed November 5, 2014, Plaintiffs stated that, after a hearing on October 24, 2014, the trial court sustained the motion to dismiss. Plaintiffs claimed they orally requested a final order that complied with 12 O.S. § 994 so they could appeal the order. Plaintiffs stated, "The Court requested the parties submit an agreed order," but claimed the defendants objected to inclusion of the § 994 language allowing an immediate appeal.

¶ 5 Plaintiffs filed a motion to reconsider on November 13, 2014. The trial court held a hearing on this motion on December 5, 2014. The trial court stated at the conclusion of the hearing, "Greiner's dismissed, as with the other Defendant's—individual Defendants based on 682. I will give you leave to amend. If you can make the allegations you've made today to articulate Greiner's direct participation. I mean, maybe that will suffice later. . . ." The court denied Plaintiffs' motion to reconsider.

¶ 6 Plaintiffs filed a first amended petition, in which they included additional allegations against Greiner.[3] Plaintiffs claimed Greiner "is involved in and responsible for the day to day operations of the other Defendants, including Mangum Nursing Center, LLC d/b/a/ Grace Living Center—Mangum." Plaintiffs alleged Don Greiner

manipulated the resources in the facility and failed to provide the required amount of staff in the facility, to such an extent that the facility was not in compliance with the laws and regulations establishing such staffing levels. Because the staff was below necessary levels, the residents, including Ms. Lowell, failed to receive even the most basic care required to prevent catastrophic injury.

Plaintiffs further alleged, "Donald Greiner, in his Individual capacity and in his capacities as beneficiary, owner, President or other designation within the remaining Defendants, is directly involved in the establishment of staffing levels as well as policies and procedures which mandate the level of care provided in the facility."

¶ 7 Plaintiffs also added the following to their petition:

Plaintiffs hereby give notice of a challenge to the constitutionality of 12 O.S. § 682. Such statute[ ] violates, inter alia, a Plaintiff['s] constitutional right to seek redress in front of a jury for *all* harms against *all* defendants as protected by Art. §§ 6 & 9. Further, such statute is a special law which creates improper classes amongst similarly situated defendants which receive different treatment under the law, as prohibited by Art. 5, § 46.

¶ 8 Defendants filed a motion to dismiss the amended petition, again contending

---

**3.** Remangum, LLC, was dismissed from the lawsuit without prejudice on December 17, 2014. The Don Greiner Trust and the Kenneth D. Greiner III Revocable Trust were dismissed without prejudice on March 4, 2015.

Plaintiffs cannot sue the owners and officers of the facility pursuant to 12 O.S. § 682. The trial court granted the motion and certified its order for immediate appeal pursuant to 12 O.S. § 994.

¶ 9 Plaintiffs appeal.

### STANDARD OF REVIEW

¶ 10 Our review of a motion to dismiss involves *de novo* consideration of whether the amended petition is legally sufficient. *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841. In *Tuffy's Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 6, 212 P.3d 1158, the Oklahoma Supreme Court set out the following standard to be applied: "When reviewing a motion to dismiss, the Court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Id.* The Court said, "The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts." *Id.* It further clarified the standard to be applied: "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief." *Id.*

### ANALYSIS

■ ¶ 11 We conclude it was error to grant Greiner's motion to dismiss. Prior to the 2013 amendment of § 682, it provided:

Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served.

12 O.S.2011 § 682. There was no direct prohibition against bringing a suit or claim against an officer, director or shareholder for corporate debt or liability until a judgment was obtained and returned unsatisfied.

¶ 12 Section 682 was amended effective November 1, 2013. Betty Lowell was a resident of Grace Living Center from January 31, 2013, through March 30, 2013, and she died on May 8, 2013. Plaintiffs asserted below that the amendment to § 682 was substantive and therefore could not apply to their claims, which arose before the statute was amended. Greiner asserted the changes in § 682 are procedural and should be applied to Plaintiffs' claims because they filed suit after the effective date of the amendment.

■ ¶ 13 We conclude that the amendments to § 682 do not apply here because they were added after Plaintiffs' claims arose. "Generally, a statute or its amendments will have only prospective effect unless it clearly provides otherwise." *Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, ¶ 18, 295 P.3d 1107. In *Cole v. Silverado Foods, Inc.*, 2003 OK 81, ¶ 15, 78 P.3d 542, the Supreme Court stated: "After-enacted legislation that *increases or diminishes* the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities." We conclude that § 682 alters the elements of Plaintiffs' claims because it limits which parties may be sued when corporate officers are involved. Therefore, we conclude the amendments to § 682 are substantive and cannot alter Plaintiffs' claims, which arose before the amendments to the statute.

■ ¶ 14 However, even if we were to hold the amendments to § 682 were procedural and therefore applicable because they occurred after the petition was filed, we would conclude that § 682 does not require dismissal of Plaintiffs' lawsuit. In their amended petition, Plaintiffs alleged Greiner, as an individual, "is involved in and responsible for the day to day operations of other Defendants,

including Mangum Nursing Center, LLC d/b/a/ Grace Living Center—Mangum." They further claimed Don Greiner "manipulated the resources in the facility and failed to provide the required amount of staff in the facility, to such an extent that the facility was not in compliance with the laws and regulations establishing such staffing levels" and as a result "the residents, including Ms. Lowell, failed to receive even the most basic care required to prevent catastrophic injury." These allegations are specifically directed at Greiner's involvement in operating the nursing home, not his involvement as a financial stakeholder. The allegations of Greiner's direct participation take the matter outside the application of 12 O.S. Supp. 2013 § 682. Although not yet enacted at the time of Betty Lowell's death, 682(B) correctly reflects the state of the law on this point when she died: "Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence."

¶ 15 Although Greiner tried to frame the conduct as not being "direct" enough, Plaintiffs at the pleading stage have sufficiently alleged direct action/inaction by Greiner sufficient to withstand the motion to dismiss because Plaintiffs' allegations and the reasonable inferences to be drawn from those allegations must be taken as true. *See Tuffy's Inc.*, 2009 OK 4, ¶ 6, 212 P.3d 1158. As directed in *Tuffy's Inc.*, we are testing the law governing Plaintiffs' claims, and not the underlying facts. *Id.* Oklahoma law does not prohibit a suit based on an officer's, director's or shareholder's direct involvement with the transaction or occurrence at the heart of the lawsuit.

¶ 16 From the face of the amended petition, Plaintiffs claim relief against Greiner based on his own conduct. As the parties agree, whether the evidence supports this claim is not before us. A pleading may not be dismissed "for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief." *Id.* Plaintiffs have stated a legally cognizable claim based on their assertion that Greiner's own participation in the affairs of the nursing home directly caused Plaintiffs' damages.

## CONCLUSION

¶ 17 Based on the above, we reverse the trial court's order granting Greiner's motion to dismiss and remand for further proceedings consistent with this Opinion.

¶ 18 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, J., and THORNBRUGH, J. (sitting by designation), concur.