NATIONAL COLLEGIATE STUDENT LOAN v. ESTER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:NATIONAL COLLEGIATE STUDENT LOAN v. ESTER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 NATIONAL COLLEGIATE STUDENT LOAN v. ESTER
2019 OK CIV APP 18
438 P.3d 850
Case Number: 116511
Decided: 08/31/2018
Mandate Issued: 03/27/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 18, 438 P.3d 850

 
APAPROVED FOR PUBLICATION BY THE SUPREME COURT. 

NATIONAL COLLEGIATE STUDENT LOAN, TRUST 2007-1, a Delaware Statutory Trust, Plaintiff/Appellee,
v.
CHRISTOPHER ESTER, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DAMAN H. CANTRELL, TRIAL JUDGE

AFFIRMED

Tracy Cotts Reed, Keith A. Daniels, William L. Nixon, Jr., LOVE, BEAL & NIXON, Oklahoma City, Oklahoma, for Plaintiff/Appellee,

Greggory Thomas Colpitts, Lauren Danielle Colpitts, THE COLPITTS LAW FIRM, Tulsa, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, VICE-CHIEF JUDGE:

¶1 Lender sued Borrower alleging he owed $68,937.40 on an educational loan. The trial court granted Lender's motion for summary judgment. Borrower appeals.

¶2 Plaintiff, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust (Lender), sued Defendant, Christopher Ester, (Borrower), alleging Borrower owed $68,937.40 on an educational loan. The trial court granted Lender's motion for summary judgment, finding there is no genuine issue of material fact and concluding that Lender is entitled to judgment as a matter of law.

¶3 In its motion for summary judgment, Lender contended that on January 29, 2007, Borrower signed a Non-Negotiable Credit Agreement (the agreement) with Bank of America, N.A. for an educational loan. The agreement was subsequently transferred, sold, and assigned to Plaintiff, National Collegiate Student Loan Trust 2007-1, a Delaware Statutory Trust (Lender). Borrower defaulted on the obligation. Lender pointed out that the agreement specifically stated, "Non-Negotiable Credit Agreement," and also stated that the Uniform Commercial Code (UCC) does not apply. It argued that the agreement is not a negotiable instrument, and the parties specifically agreed therein that the UCC is not controlling.

¶4 In his objection to the motion for summary judgment, Borrower argued that Lender lacked standing.[1] He stated that in order to enforce an instrument, the plaintiff has the burden of proving it is a "person entitled to enforce an instrument" by showing it is (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument. Deutsche Bank National Trust Company v. Byrams, 2012 OK 4, ¶5, 275 P.3d 129, referencing 12A O.S. 2011 §3-301. While he admitted that the agreement provides that Article 3 of the UCC does not apply, he nevertheless argues that Lender must demonstrate that it is in possession of the original document, and it has not done that. Borrower claims that Lender has not established that it is the proper plaintiff.

¶5 Standing focuses on the party seeking to get his complaint before the court and not on the issues tendered for determination. Knight ex rel. Ellis v. Miller, 2008 OK 81, ¶11, 195 P.3d 372. The question is whether the party invoking the court's jurisdiction has a legally cognizable interest in the outcome of the controversy. Id. The burden is on the party invoking a court's jurisdiction to establish standing. Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature, 2007 OK 30, ¶7, 158 P.3d 1058. If the plaintiff alleges facts which are sufficient to establish standing, then the case proceeds to the next stage. Id. at ¶10.

¶6 When a party does not rely on a particular statute or constitutional provision authorizing suit, the question of standing depends on whether the party has alleged a personal stake in the outcome of the controversy. Id, ¶16. This is an action for breach of contract. Thus, the question of Lender's standing depends on whether Lender has a personal stake in the outcome of the case.

¶7 When standing is challenged in a contract action, the usual issue is whether the party suing is the proper party to bring the action. Here, Bank of America entered into a contract with Borrower. Lender, not Bank of America, filed suit against Borrower. The question is whether Lender is the proper party to sue.

¶8 Lender's right to enforce the debt is not governed by the UCC because the agreement is not a negotiable instrument.[2] The agreement specifically provides that it is not governed by Article 3 of the UCC. Thus, standing is not analyzed in the same way as a mortgage foreclosure action where the plaintiff must demonstrate it is the holder of the promissory note or has the rights of a holder. See Deutsche Bank National Trust Co. v. Byrams, supra. In this case, Borrower executed the agreement which provides that Lender may assign the right to payment to another. Lender's petition alleges: (1) Borrower entered into the agreement with Bank of America on January 29, 2007, (2) Bank of America assigned agreement to Lender, (3) Borrower defaulted on the obligations under the agreement, (4) Borrower is indebted to Lender in the amount of $68,937.40. As a threshold legal question, we hold Lender has alleged sufficient facts to establish standing. Oklahoma Educ. Ass'n v. State ex rel. Oklahoma Legislature, 2007 OK 30, ¶10.

¶9 Although a trial court in making a decision on whether summary judgment is appropriate considers factual matters, the ultimate decision turns on purely legal determinations, i.e., whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions. Therefore, as the decision involves purely legal determinations, the appellate standard of review of a trial court's grant of summary judgment is de novo. Tiger v. Verdigris Valley Electric Cooperative, 2016 OK 74, ¶13, 410 P.3d 1007. We, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. Ross v. City of Shawnee, 1984 OK 43, ¶7, 683 P.2d 535. Further, all inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. Id.

¶10 Lender attached the agreement to its motion for summary judgment. It provides, in part, "I (Borrower) may not assign this Credit Agreement or any of its benefits or obligations. You (Bank of America) may assign this Credit Agreement at any time." Lender also attached the affidavit of an employee for Transworld Systems Inc. (TSI), the subservicer of Lender and designated custodian of records for Borrower's educational loan. The employee stated he is competent to testify regarding the loan through personal knowledge of the business records maintained by TSI. He also declared Lender became the subsequent assignee of Borrower's loan, and that Borrower owes the principal sum of $68,937.40.

¶11 Although Borrower argued that Lender did not own the agreement, he did not attach any evidentiary materials to his response which would have created a genuine issue of material fact concerning Lender's ownership of the agreement.

¶12 Because there is no genuine issue of material fact and Lender is entitled to judgment as a matter of law, the trial court did not err in granting Lender's motion for summary judgment.

¶13 AFFIRMED.

SWINTON, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] The record on appeal includes Borrower's motion to dismiss the petition based on Lender's lack of standing, Lender's response, Borrower's reply, and his supplement to his reply. The trial court did not rule on the motion to dismiss the petition. Therefore, this Court may not address this motion.

[2] Title 12A O.S. §3-104(d) states: "A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this article."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2007 OK 30, 158 P.3d 1058, OKLAHOMA EDUCATION ASSOCIATION v. STATE ex rel. OKLAHOMA LEGISLATURE
Discussed at Length
 2008 OK 81, 195 P.3d 372, KNIGHT v. MILLER
Discussed
 2012 OK 4, 275 P.3d 129, DEUTSCHE BANK NATIONAL TRUST COMPANY v. BYRAMS
Discussed
 2016 OK 74, 410 P.3d 1007, TIGER v. VERDIGRIS VALLEY ELECTRIC COOPERATIVE
Discussed
 1984 OK 43, 683 P.2d 535, Ross v. City of Shawnee
Discussed
Title 12A. Uniform Commercial Code
 Cite
Name
Level

 12A O.S. 3-104, Negotiable Instrument
Cited
 12A O.S. 3-301, Person Entitled to Enforce Instrument
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA